47 F.3d 1173
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Alexander W. AHLF, Defendant-Appellant.
 No. 93-3605.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 3, 1994.*
Decided Jan. 11, 1995.
 
 Before PELL, COFFEY and EASTERBROOK, Circuit Judges.
 
 ORDER
 
 1
 Alexander Ahlf, convicted of theft in 1990, appeals the sentence imposed by the district court upon revocation of his three-year term of supervised release. Although Ahlf admitted at sentencing that he violated the conditions of his supervision by using cocaine, a Grade C violation with a guideline range of 3 to 9 months,[1] U.S.S.G. Sec. 7B1.4(a), the district court found that Ahlf possessed cocaine and sentenced him to the statutory mandatory minimum term of one year imprisonment, one-third of the term of supervised release, pursuant to 18 U.S.C. Sec. 3583(g). We affirm.
 
 
 2
 The district court based its finding of possession upon five urine specimens which tested positive for cocaine and Ahlf's admission, given in writing shortly after he provided two positive urine samples and in a statement to the court at the revocation hearing, that he knowingly used cocaine on two separate occasions. Ahlf argues that drug use should not be equated with possession for purposes of 18 U.S.C. Sec. 3583(g). He contends that use is less culpable than possession, primarily because an individual who possesses a controlled substance has control over it and has the power to distribute the drug to others. Section 3583(g), however, makes no distinction between simple possession and possession with the intent to distribute.[2]
 
 
 3
 The district court established that Ahlf knowingly snorted cocaine. We agree therefore that the use of cocaine required possession, even if only momentarily. United States v. Young, No. 93-3603, slip op. at 3-5 (7th Cir. Dec. 7, 1994) ("in the revocation of supervision context, 'use' is subsumed within 'possession' where the defendant knowingly and voluntarily consumes the controlled substance"). We hold that the district court's finding of possession was not clearly erroneous. 18 U.S.C. 3742(e). The sentence is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No statement has been filed. Accordingly, the appeal is submitted on the briefs and the record
 
 
 [1]
 Ahlf was placed in Criminal History category I
 
 
 [2]
 Section 3583(g) states:
 If the defendant is found by the court to be in the possession of a controlled substance, the court shall terminate the term of supervised release and require the defendant to serve in prison not less than one-third of the term of supervised release.